Judge Robertson
delivered the opinion of the Court.
This is a suit in chancery, brought by Alexander, to subject a portion of the price, for ■which, Field and Tilford, had bought lots, with a tanyard upon them, from George Sanders, to the satisfaction of a judgment, which Alexander had obtained against John W. Sanders, the administrator of George Sanders.
The bill alleges, that Alexander sold the lots to G. Sanders, and procured a conveyance of the legal title, to be made to him; that the consideration was to be paid in instalments, for which G. Sanders executed his notes, without any security, except the equitable lien, which he supposed that he still retained on the lots; that a part of the last’ instalment, remaining due at the death of G. Sanders, a judgment had been rendered for the amount due, against the administrator, J. W. Sanders; on which, a fieri facias having-issued, was returned, “nulla bona;” that G. Sanders had fraudulently conveyed the lots, to Thomas Sanders, his farther, who had notice of the lien; and who had afterwards sold, and conveyed them to Field and Tilford, who owed a balance of about $300, of the price.
T. Sanders, J. W. Sanders, Field and Tilford, are made defendants; and there is a prayer for a discovery of assets, by the administrator, and for a decree, subjecting to the satisfaction of the judgment against the administrator, the money in the hands of Field and Tilford, if there shall not be discovery of assets sufficient.
Field and Tilford admit, that they owe the amount of one note for the lots, which is due for $148; and .another for the like sum, which will be due in five months.
J. W. Sanders admits the judgment, and does not deny that a fieri facias had issued upon it, and was returned “no property.” He says that he has no as *302 sets, and does not certainly know, that he ever will ^ave* He claims a spt-off for $26 72 cents, the of a note, which he holds on Alexander, for property, purchased by him at the sale of the chattels of G. Sanders; and also a set-off of the amount of another note, which Alexander had signed as security, for $>8 6 1-4 cents. •
Thomas Sanders insists that his purchase of the lots, was bona fide, and for a valuable consideration, without any notice of any equitable lien. He says that he was security for George Sanders, to John Beckwith, “for about $300,” and to John Stillings “for about .§130;” and that G. Sanders owed him “about $ 125;” and that “for those liabilities, and this debt to himself, the said George sold and conveyed to him, the said lots.” He sets forth an account against Alexander, for $42 86 cents, for which, if there be a decree in Alexander’s favor, he insists on a set-off. He affirms, that he had paid Stillings.
The answers of J. W. and T. Sanders, were made cross bills. Alexander answered them, and denied owing any thing to T. Sanders, and objected to the set-off of the note, for $8 6 1-4 cents, in which he was security; alleging that the principal was able to pay it.
The court credited the judgment with the $26 72' cents; and rendered a drecree against the administrator, and against Field and Tilford for the balance.
From this decree, T. Sanders appealed. There is no proof that George owed Thomas Sanders any thing, nor that Thomas had ever paid Stillings any thing, or that he had ever paid, or was bound to pay Beckwith.
There is abundant proof, that the debt due to Stil-lings, was paid by the administrator; and that George Sanders said, that the deed was made to his Father, chiefly to prevent a sacrifice of the property, by sales, by his creditors.
This statement by George, is not of itself, evidence against Thomas; but it shews the intention of George, and when combined with the absence of any proof, of. *303 any valuable, consideration, from Thomas to George, will not allow anyotherinference, than that the conveyance was mainly, if not wholly, to frustrate creditors.
Denny, for appellant; Richardson, for appellee.
The court very properly refused to set-off the account of Thomas; and the small note set up by John, as administrator of George. There was not only no .proof of the account, but if there had been, no fact appears, which would authorize a set-off in equity. As to the small note, it does not appear that the principal is unable to pay it; and betwixt that and the judgment, there is not such a mutuality, as to authorize a set-off, according to the facts of this case.
The decree is therefore right.
Wherefore it is affirmed.